UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK

| | |
|---|---|
| SOULEYMANE  DIALLO, | |
| *Petitioner,* | Civil Action No. _____ |
| v. | |
| KENNETH GENALO,<br>NYC Director Enforcement & Removal<br>Operations Immigration and Customs<br>Enforcement (ICE) | Immigration No. A 245-706-778 |
| TODD LYONS, Acting Director, U.S.<br>Immigration and Customs Enforcement | |
| KRISTI NOEM, in her official capacity as<br>Secretary of the United States Department<br>of Homeland Security and | |
| PAMELA BONDI, in her official capacity<br>as Attorney General, U.S. Department of<br>Justice, | |
| *Respondents.* | |

**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO
28 U.S.C.§ 2241; APPLICATION FOR TEMPORARY RESTRAINING
ORDER; ORDER TO SHOW CAUSE; AND REQUEST FOR
NO-TRANSFER ORDER**

**INTRODUCTION**

1. This petition arises from the U.S. government's new policy—which contradicts both the plain language of the Immigration and Nationality Act (INA)and decades of agency practice—of erroneously interpreting the INA to mandated detention without the

possibility of bond for noncitizens who entered the United States without inspection, even if they have been residing here for years.

2. This policy has led to the unlawful detention of countless noncitizens nationwide. Dozens of habeas corpus petitions for their release have been filed in jurisdictions across the country, including many in the Southern District of New York. Virtually every merits decision in those cases has found for the petitioners, either granting them a bond hearing or ordering their immediate release.

3. Petitioner Souleymane Diallo has been unlawfully detained without the possibility of bond in furtherance of this policy. Petitioner came to the United States on December 29, 2023 and has lived here ever since.

4. On Sunday, 21st December 2025, Petitioner was walking on Flatland Street in Brooklyn when some unmarked vehicles suddenly pulled up on him and ICE agents jumped out of the vehicles and suddenly bundled him into an unmarked vehicle without explaining anything much less identify themselves.

5. Mr. Diallo has no criminal record.

6. Mr. Diallo was held incommunicado and no one knew where he was.

7. Mr. Diallo was finally detained at 26 Federal Plaza, where he remained detained without the opportunity to request release on bond as the statute requires.

8. 26 Federal Plaza, which falls under the purview of the New York City Field Office of Immigration and Customs Enforcement (ICE), which has responsibility for immigration detention centers in New York.

9. Respondents, in whose actual and constructive custody Petitioner is in, have refused to release Petitioner despite that he has pending Immigration hearing scheduled for July 11, 2028 at 8:30 AM.

10. Petitioner is in Removal Proceedings, alleging that Petitioner is alien present in the United States without being admitted or paroled, or who arrived int he United States at any time or place other than as designated by the Attorney General. INA 212(a)(6)(A)(i).

11. Under 8 U.S.C. § 1226(a), which allows for release on conditional parole or bond, Petitioner is entitled to a bond determination. That statute expressly applies to people who, like Petitioner, are residing in the United States but are charged as inadmissible for having initially entered the United States without inspection. In accordance with 8 U.S.C. § 1226(a), the Department of Homeland Security (DHS) and Executive Office of Immigration Review (EOIR) have for decades provided bond determinations and bond hearings to people like Petitioner who have been living in the United States but allegedly

entered without inspection.

12. However, pursuant to a new governmental policy announced on July 8, 2025, 2 Petitioner is now being unlawfully detained without bond. The new policy instructs all ICE employees to no longer apply 8 U.S.C. § 1226(a) to people charged with being inadmissible under § 1182(a)(6)(A)(i)—i.e., those who initially entered the United States without inspection. Instead, under the new policy, ICE employees are to subject people like Petitioner to mandatory detention without bond under § 1225(b)(2)(A)—a provision that has historically been applied only to recent arrivals at the U.S. border—no matter how long they have resided in the United States.

13. Detaining Petitioner without bond is plainly contrary to the statutory framework of the INA and contrary to both agency regulations and decades of consistent agency practice applying § 1226(a) to people like Petitioner. It also violates Petitioner's right to due process by depriving him of his liberty without any consideration of whether such a deprivation is warranted.

14. Accordingly, Petitioner seeks a writ of habeas corpus requiring that he be immediately released from custody unless Petitioner is provided with a bond hearing under § 1226(a) within seven days.

15. Petitioner is not challenging any discretionary denial of bond; he is challenging the legal determination that he is not eligible for bond under § 1226(a) in the first place.

## **JURISDICTION**

16.  Petitioner Souleymane Diallo is in physical custody of Respondents. Petitioner is detained at 26 Federal Plaza, New York, NY 10278

17. This Court has jurisdiction under 28 U.S.C. § 2241 (habeas corpus);28 U.S.C. § 1331 (federal question); and Article I, section 9, clause 2 of the Unite States Constitution (the Suspension Clause).

18. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All-Writs Act, 28U.S.C. § 1651.

## **VENUE**

19. Venue is proper in the Southern District of New York under 28 U.S.C. §2241 and 28 U.S.C. § 1391. Petitioner is detained in an immigration detention facility at the direction of, and is in immediate custody of, Respondent; Kenneth Genalo. See Roman v. Ashcroft, 340 F.3d 314, 320-21 (6th Cir. 2003).

20. Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e)because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims and relevant facts occurred in the Eastern District.

## REQUIREMENTS OF 28 U.S.C. § 2243

21. The Court must grant the petition for a writ of habeas corpus or order Respondents to show cause "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Respondents must file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." Id.

22.  Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." Fay v. Noia, 372 U.S. 391, 400 (1963) (emphasis added). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." Yong v. I.N.S., 208 F.3d 1116,1120 (9th Cir. 2000) (citation omitted).

## PARTIES

23. Petitioner Souleymane Diallo is a citizen of Guinea who has resided in the United States since 2023. He has been immigration detention since 12/21/2025, and is currently detained at 26 Federal Plaza, New York, NY 10278 and may be transported away from New York at any moment.

24.   After taking custody of Petitioner, ICE did not set bond or consider his release on parole or other form of release permitted by law.

25.  Respondent Kenneth Genalo is the Director of the New York Field Office of ICE's Enforcement and Removal Operations division. As such, Director Kenneth Genalo is Petitioner's immediate custodian and is responsible for Petitioner's detention and removal. He is named in his official capacity.

26. Respondent Kristi Noem is the Secretary of the Department of Homeland Security. She is responsible for the implementation and enforcement of the INA and oversees ICE, which is responsible for Petitioner's detention. Ms. Noem has ultimate custodial authority over Petitioner and is sued in her official capacity.

27. Respondent Department of Homeland Security (DHS) is the federal agency responsible for implementing and enforcing the INA, including the detention and removal of noncitizens.

28. Respondent Pamela Bondi is the Attorney General of the United States. She is responsible for the Department of Justice, of which the Executive Office for Immigration Review and the immigration court system it operates are component agencies. She is sued in her official

capacity.

29. Respondent Executive Office for Immigration Review (EOIR) is the federal agency responsible for implementing and enforcing the INA in removal proceedings, including for custody redeterminations in bond hearings.

## ESSENTIAL FACTS

30. DHS placed Petitioner in removal proceedings before the New York Immigration Court pursuant to 8 U.S.C. § 1229a. ICE has charged Petitioner under 212(a)(6)(A)(i) as someone who entered the United States without inspection.

31. Following the initiation of removal proceedings, ICE either did not conduct a custody determination or chose to continue detaining Petitioner without providing an opportunity to post bond or be released under other conditions.

32. Petitioner is clearly neither a flight risk nor a danger to the community, as demonstrated by the fact that he was already released previously by DHS.

33. Petitioner is working with an immigration attorney and has strong claims for immigration relief in the form of Asylum and withholding of removal.

34. Without relief from this court, Petitioner faces the prospect of months—or even years—in immigration custody, separated from family and community.

## LEGAL FRAMEWORK

35. The INA prescribes three basic forms of detention for the vast majority of noncitizens in removal proceedings.

36. First, 8 U.S.C. § 1226 authorizes the detention of noncitizens who are in removal proceedings. See 8 U.S.C. § 1229a. See also Jennings v. Rodriguez, 583U.S. 281, 289 (2018) (explaining that § 1226(a) applies to those who are "already in the country" and are detained "pending the outcome of removal proceedings"). Under § 1226(a), individuals who are taken into immigration custody pending a decision on whether they are to be removed can be detained but are generally entitled to seek release on bond. 3 The bond may be set by ICE itself as part of an initial custody determination, see 8 C.F.R. § 1236.1(c)(8), and/or the individual may seek a bond hearing in immigration court at the outset of their detention, see 8C.F.R. §§ 1003.19(a), 1236.1(d). Section 1226(a) is the statute that, for decades, has been applied to people like Petitioner who have been living in the United States and are charged with inadmissibility under § 1182(a)(6)(A)(i).

37. Second, the INA provides for mandatory detention of certain recently arrived noncitizens,

namely those subject to expedited removal under 8 U.S.C. §1225(b)(1), and other recent arrivals seeking admission under § 1225(b)(2). See Jennings, 583 U.S. at 287, 289 (explaining that § 1225(b)(2)'s mandatory detention scheme applies "at the Nation's borders and ports of entry" to noncitizens "seeking admission into the United States."). Section 1225(b)(2) is the statute that Respondents have suddenly decided is applicable to people like Petitioner.

38. Third, the INA also provides for detention of noncitizens who have already been ordered removed, see 8 U.S.C. § 1231. Section 1231 is not relevant here.

39. This case challenges Respondents' erroneous decision that Petitioner is subject to mandatory detention without bond under §1225(b)(2), rather than being bond-eligible under § 1226(a).

40. The detention provisions at § 1226(a) and § 1225(b)(2) were enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996, Pub. L. No. 104-208, Div. C, §§ 302–03, 110 Stat. 3009-546,582–583, 585. Section 1226(a) was most recently amended earlier this year by the Laken Riley Act, Pub. L. No.119-1, 139 Stat. 3 (2025).

41. Following the 1996 enactment of the IIRIRA, EOIR drafted new regulations explaining that, in general, people who entered the country without inspection were not detained under § 1225 and that they were instead detained under § 1226(a). See Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10,312, 10,323 (Mar. 6, 1997) (explaining that "despite being applicants for admission, [noncitizens] who are present without having been admitted or paroled (formerly referred to as aliens who entered without inspection) will be eligible for bond and bond redetermination.").

42. Thus, in the three decades that followed, people who entered without inspection and were subsequently placed in removal proceedings received bond hearings if ICE chose to detain them, unless their criminal history rendered them ineligible. That practice was consistent with many more decades of prior practice, in which noncitizens who were not deemed "arriving" were entitled to a custody hearing before an IJ or other hearing officer. See 8 U.S.C. § 1252(a) (1994); see also H.R. Rep. No. 104-469, pt. 1, at 229 (1996) (noting that § 1226(a) simply "restates" the detention authority previously found at § 1252(a)).

43. However, on July 8, 2025, ICE, "in coordination with" the Department of Justice, suddenly announced a new governmental policy that rejected the well-established understanding of the statutory framework and reversed decades of agency practice.

44. The new policy, entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission," claims that all persons who entered the United States without inspection are subject to mandatory detention without bond under § 1225(b)(2)(A). The policy applies

regardless of when a person is apprehended and affects those who have resided in the United States for months, years, and even for decades or since infancy.

45. In decision after decision, federal courts—both nationwide and here in the Southern District of New York —have rejected Respondents' sudden reinterpretation of the statutory scheme, and have instead held that § 1226(a), not §1225(b), applies to noncitizens who are not apprehended upon arrival to the United States. See, e.g., Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025) (rejecting the government's position); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. Jul. 24, 2025) (same); Guerrero Orellana v. Moniz, 2025 WL 2809996 (D. Mass. Oct. 3, 2025) (same); Lepe v. Andrews,2025 WL 2716910 (E.D. Cal. Sept. 23, 2025) (same); Artiga v. Genalo, 2025 WL 282943 (E.D.N.Y. Oct. 5, 2025) (same). To be sure, not every court has rejected this argument—the government identified two that adopted it, along with the BIA. See, e.g., Chavez v. Noem, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); Vargas Lopez v. Trump, 2025 WL 2780351 (D. Neb. Sept. 30, 2025); Matter of Hurtado, 29 I. & N. Dec. 216 (BIA 2025).

46. This list is undoubtedly incomplete. As the media has reported, the government's new no-bond policy has "led to dozens of recent rulings from judges who say the administration has violated the law and due process rights …. The pile up of decisions is growing daily." Kyle Cheney and Myah Ward, Trump's New Detention Policy Targets Millions of Immigrants. Judges Keep Saying It's Illegal, Politico (Sept. 20, 2025, at 4:00 PM ET), https://www.politico.com/ news/2025/09/20/ice-detention-immigration-policy-00573850.

47. In recent months, many courts, including this District, have repeatedly rejected Respondents' interpretation of the INA and granted writs of habeas corpus to detained noncitizens to whom Respondents denied a bond hearing, releasing many of them.

48. On September 5, 2025, the BIA issued a precedential decision that rejected the overwhelming consensus of the federal courts. See Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025). That decision held that all noncitizens who entered the United States without admission or parole are ineligible for bond hearings before an IJ.

49. The Yajure Hurtado decision—like the government policy it seeks to uphold—defies the INA. —the BIA's reasoning is unpersuasive and "at odds with every District Court that has been confronted with the same question of statutory interpretation

50. As court after court has explained, the plain text of the statutory provisions demonstrates that § 1226(a), not § 1225(b), applies to people like Petitioner.

51. Section 1226(a) applies by default to all persons "pending a decision on whether the [noncitizen] is to be removed from the United States." These removal hearings are held under § 1229a to "decide the inadmissibility or deportability of a non-citizen."

52. The text of § 1226 also explicitly applies to people charged as being inadmissible, including those who entered without inspection. See 8 U.S.C. § 1226(c)(1)(E). Subparagraph (E)'s reference to such people makes clear that, by default, such people are afforded a bond hearing under subsection (a).

53. When Congress creates 'specific exceptions' to a statute's applicability, it 'proves' that absent those exceptions, the statute generally applies." Rodriguez, 779 F. Supp. 3d at 1256-57 (citing Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 400 (2010)).

54. Section 1226 therefore leaves no doubt that it applies to people who face charges of being inadmissible to the United States, including those who are present without admission or parole.

55. By contrast, § 1225(b) applies to people arriving at U.S. ports of entry or who recently entered the United States. The statute's entire framework is premised on inspections at the border of people who are "seeking admission" to the United States. 8 U.S.C. § 1225(b)(2)(A). See Jennings, 583 U.S. at 287 (explaining that this mandatory detention scheme applies "at the Nation's borders and ports of entry, where the Government must determine whether a non-citizen] seeking to enter the country is admissible.").

56. Accordingly, the mandatory detention provision of § 1225(b)(2) does not apply to people who have already entered and were long residing in the United States at the time they were apprehended by immigration authorities and detained. Because § 1226(a), not § 1225(b), is the applicable statute, Petitioner's detention without eligibility for bond is unlawful.

57. Petitioner seeks relief from this Court because any months-long appeal to the BIA of an IJ's decision denying bond would be futile. A request for a bond hearing is likewise futile. First, the agency's position is clear: both IJs and future panels of the BIA must follow the Yajure Hurtado decision. Further, the new governmental policy was issued "in coordination with DOJ," which oversee the immigration courts, including the BIA—up to and including the ability of the Attorney General to modify or overrule decisions of the BIA, see 8 C.F.R. §1003.1(h). It is therefore unsurprising that the BIA has (erroneously) held that persons like Petitioner are subject to mandatory detention under § 1225(b)(2)(A), rather than being bond-eligible under § 1226(a). Moreover, in the numerous identical habeas corpus petitions that have been filed nationwide, EOIR and the Attorney General are often respondents and have consistently affirmed via briefing and oral argument that individuals like Petitioner are applicants for admission and subject to detention under § 1225(b)(2)(A).

58. Second, by the time the BIA could even issue an appeal—a process that typically takes at least six months, Rodriguez, 779 F. Supp. 3d at 1245, and in many cases roughly a year, id. —the harm of Petitioner's unlawful detention will be impossible to remediate. Nor will the downstream effects of continued detention be remediable: Petitioner's family and

community will be left without a caretaker and contributor for months.

59. Third, neither IJs nor the BIA have the authority to decide constitutional claims. See Sterkaj v. Gonzales, 439 F.3d 273, 279 (6th Cir. 2006). Here, Petitioner claims not only that Respondents are unlawfully detaining him without bond hearings under an inapplicable statute, but also that such detention violates Petitioner's constitutional right to due process if the government seeks to deprive him of his liberty.

## CLAIMS FOR RELIEF

### COUNT I
Violation of the INA

60. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

61. Respondents are unlawfully detaining Petitioner without bond pursuant to the mandatory detention provision at 8 U.S.C. § 1225(b)(2).

62. Section 1225(b)(2) does not apply to Petitioner, who previously entered the country and has long been residing in the United States prior to being apprehended and placed in removal proceedings by Respondents.

63. Instead, Petitioner should be subject to the detention provisions of §1226(a) and are therefore entitled to a custody determination by ICE, and if custody is continued, to a custody redetermination (i.e., a bond hearing) by an immigration judge.

64. Respondents' application of 8 U.S.C. § 1225(b)(2) to Petitioner results in Petitioner's unlawful detention without the opportunity for a bond hearing and violates the INA.

### COUNT II
Violation of Due Process

65. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

66. The government may not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the Clause protects." Zadvydas v.Davis, 533 U.S. 678, 690 (2001).

67. Petitioner has a fundamental interest in liberty and being free from official restraint.

68. The government's detention of Petitioner without an opportunity for a custody determination or bond hearing to decide whether he is a flight risk or danger violates Petitioner's right to due process.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioner prays that this Court grant the following relief:

a.  Assume jurisdiction over this matter;
b.  Issue a writ of habeas corpus requiring that Respondents release Petitioner from custody unless the Petitioner is provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within 7 days;
c.  Enjoin Respondents from transferring Petitioner from the jurisdiction of this District pending these proceedings;
d.  Declare that 8 U.S.C. § 1226(a)—and not 8 U.S.C. § 1225(b)(2)(A)—is the appropriate statutory provision that governs Petitioner's detention and eligibility for bond because Petitioner is not a recent arrival "seeking admission" to the United States, and instead was already residing in the United States when apprehended and charged as inadmissible for having allegedly entered the United States without inspection;
e.  Award Petitioner fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and
f.  Grant any other and further relief that this Court deems just and proper.

Dated: December 23, 2025

Respectfully submitted,

/s/ Japheth N. Matemu, Esq.
Japheth N. Matemu, Esq.
Counsel for Petitioner
Matemu Law Firm, P.C
69-06 Grand Avenue , 2nd Fl.
Maspeth, New York 11378
(212) 756-3948
jmatemulaw@gmail.com

**Exhibit list**

1.  Copy NTA
2.  Proof of detention and location
3.  Copy of I-589
4.  Copy of EOIR Docket

# DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

**Subject ID:390800434**      **FINS #:1352341862**

**DOB: 09/13/1989**

File No: A245 706 778

**Event No:NGL2412000501**

In the Matter of:

Respondent: _____ SOULEYMANE  DIALLO _____ currently residing at:

FAILED TO PROVIDE ADDRESS EOIR-33 DOCKET PHOENIX, ARIZONA,
_____

(Number, street, city, state and ZIP code)                (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of GUINEA and a citizen of GUINEA ;
3. You arrived in the United States at or near NOGALES,  AZ , on or about December 29, 2023 ;
4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:        ☐ 8CFR 208.30      ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

250 N 7TH AVENUE, SUITE 300 PHOENIX AZ 85007
_____

*(Complete Address of Immigration Court, including Room Number, if any)*

on ___June 07, 2024___ at ___01:00 PM___ to show why you should not be removed from the United States based on the

*(Date)*            *(Time)*

JEREME  DANIELS

charge(s) set forth above.    Acting/Patrol Agent in Charge

JEREME J DANIELS
Date: 2024.01.01 09:41 -07:00
0932649054.CBP

*(Signature and Title of Issuing Officer)*

Date: ___January 01, 2024___              NOGALES, ARIZONA
_____

*(City and State)*

DHS Form I-862 (6/22)                                                        Page 1 of 3

Uploaded on 01/24/2024 at 08:03:20 AM (Mountain Standard Time). Rec#242CitysRHG

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at **www.uscis.gov/i-589**. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at **http://www.ice.gov/contact/ero**, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

U.S. Citizenship Claims: If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____  
*(Signature of Respondent)*

_____  
*(Signature and Title of Immigration Officer)*

Date: _____

### Certificate of Service

This Notice To Appear was served on the respondent by me on _____January 01, 2024_____, in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person    ☐ by certified mail, returned receipt # _____ requested    ☐ by regular mail

☒ Attached is a credible fear worksheet.

☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the _____SPANISH_____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____  
*(Signature of Respondent if Personally Served)*

CEDRIC A TORRES  
Date: 2024.01.01 09:54:49 -07:00  
0472876555 CBP  
_____  
*(Signature and Title of officer)*

DHS Form I-862 (6/22)

## Privacy Act Statement

**Authority:**

The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**

You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**

For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**

Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

EOIR — 3 of 3

DHS Form I-862 (6/22)                                                                Page 3 of 3


Official Website of the Department of Homeland Security

Report

Main Menu

< BACK TO RESULTS

# Facility Page

## Detention Information For:

**SOULEYMANE DIALLO**
**Country of Birth:** Guinea
**A-Number:** 245706778

## Current Detention Facility:

Call ICE For Details

## ERO Office Information

Family members and legal representatives may be able to obtain additional information about this individual's case by contacting this ERO office:

NEW YORK, NY, DOCKET CONTROL OFFICE
**Phone Number:** (212) 436-9400
**Email:** NYCIntakeInquiries@ice.dhs.gov

BACK TO SEARCH >

Related
Information

Privacy · Terms

NON-DETAINED

Name: Sulleymane Diallo

Address 455 Jefferson St
Brooklyn, NY 11237

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
Phoenix, AZ

IN THE MATTER OF: Sullymane Diallo )
)
) File No: 245 706 778
)
)
)
In Removal Proceedings )
)

Immigration Judge                    Next Hearing:
Sharda, Munish                           June 7, 2024 at 1PM

I-589 Application for Asylum, Withholding of Removal, and
Protection under the Convention against Torture

PRO SE

RECEIVED
DEPARTMENT OF JUSTICE
2024 FEB 21 AM 11:17
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW
U.S. IMMIGRATION COURT
PHOENIX, AZ.

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**U.S. Department of Justice**
Executive Office for Immigration Review

 PRO-SE

OMB No. 1615-0067; Expires 06/30/2026

# I-589, Application for Asylum and for Withholding of Removal

**START HERE - Type or print in black ink. See the instructions for information about eligibility and how to complete and file this application. There is no filing fee for this application.**

**NOTE:** ☒ Check this box if you also want to apply for withholding of removal under the Convention Against Torture.

## Part A.I. Information About You

| 1. Alien Registration Number(s) (A-Number) *(if any)* | 2. U.S. Social Security Number *(if any)* | 3. USCIS Online Account Number *(if any)* |
|---|---|---|
| 245706778 | | |

| 4. Complete Last Name | 5. First Name | 6. Middle Name |
|---|---|---|
| Diallo | Souleymane | |

**7. What other names have you used** *(include maiden name and aliases)?*

**8. Residence in the U.S.** *(where you physically reside)*

| Street Number and Name | Apt. Number |
|---|---|
| 455 Jefferson Street G302935 | |

| City | State | Zip Code | Telephone Number |
|---|---|---|---|
| Brooklyn | NY | 11237 | ( 646 ) 2453915 |

*(NOTE: You must be residing in the United States to submit this form.)*

**9. Mailing Address in the U.S.** *(if different than the address in Item Number 8)*

| In Care Of *(if applicable):* | Telephone Number ( ) |
|---|---|
| Street Number and Name | Apt. Number |
| City | State | Zip Code |

**10. Gender:** ☒ Male  ☐ Female    **11. Marital Status:** ☒ Single  ☐ Married  ☐ Divorced  ☐ Widowed

| 12. Date of Birth *(mm/dd/yyyy)* | 13. City and Country of Birth |
|---|---|
| 09/13/1989 | Labé, Guinea |

| 14. Present Nationality *(Citizenship)* | 15. Nationality at Birth | 16. Race, Ethnic, or Tribal Group | 17. Religion |
|---|---|---|---|
| Guinea | Guinean | Fulani | Muslim |

**18.** *Check the box, a through c, that applies:*  **a.** ☐ I have never been in Immigration Court proceedings.

  **b.** ☒ I am now in Immigration Court proceedings.    **c.** ☐ I am **not** now in Immigration Court proceedings, but I have been in the past.

**19.** *Complete 19 a through c.*

  **a.** When did you last leave your country? *(mm/dd/yyyy)* **12/14/2023**    **b.** What is your current I-94 Number, if any? _____

  **c.** List each entry into the U.S. beginning with your most recent entry. *List date (mm/dd/yyyy), place, and your status for each entry. (Attach additional sheets as needed.)*

| Date | Place | Status | Date Status Expires |
|---|---|---|---|
| 12/29/2023 | NOGALES, ARIZONA | EWI | N/A |
| | | | |
| | | | |

| 20. What country issued your last passport or travel document? | 21. Passport Number 005151017 | 22. Expiration Date *(mm/dd/yyyy)* |
|---|---|---|
| GUINEA | Travel Document Number | 11/10/2033 |

| 23. What is your native language *(include dialect, if applicable)?* | 24. Are you fluent in English? | 25. What other languages do you speak fluently? |
|---|---|---|
| FULANI | ☐ Yes  ☒ No | none |

| For EOIR use only. | For USCIS use only. | Action: Interview Date: _____  Asylum Officer ID No.: _____ | Decision: Approval Date: _____  Denial Date: _____  Referral Date: _____ |
|---|---|---|---|

Form I-589  Edition  03/01/23

Page 1

## Part A.II. Information About Your Spouse and Children

**Your spouse**    ☒  I am not married. (Skip to **Your Children** below.)

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Date of Birth *(mm/dd/yyyy)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Other names used *(include maiden name and aliases)* |

| 9. Date of Marriage *(mm/dd/yyyy)* | 10. Place of Marriage | 11. City and Country of Birth |
|---|---|---|

| 12. Nationality *(Citizenship)* | 13. Race, Ethnic, or Tribal Group | 14. Gender ☐ Male  ☐ Female |
|---|---|---|

**15.** Is this person in the U.S.?
☐ Yes *(Complete Blocks 16 to 24.)*    ☐ No *(Specify location)*:

| 16. Place of last entry into the U.S. | 17. Date of last entry into the U.S. *(mm/dd/yyyy)* | 18. I-94 Number *(if any)* | 19. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 20. What is your spouse's current status? | 21. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 22. Is your spouse in Immigration Court proceedings? ☐ Yes  ☐ No | 23. If previously in the U.S., date of previous arrival *(mm/dd/yyyy)* |

**24.** If in the U.S., is your spouse to be included in this application? *(Check the appropriate box.)*
☐ Yes
☐ No

**Your Children.** List **all** of your children, regardless of age, location, or marital status.

☒  I do not have any children. *(Skip to Part A.III., Information about your background.)*

☐  I have children.    Total number of children: _____ .

**(NOTE:** *Use Form I-589 Supplement A or attach additional sheets of paper and documentation if you have more than four children.)*

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Gender ☐ Male  ☐ Female |

**13.** Is this child in the U.S. ?    ☐ Yes *(Complete Blocks 14 to 21.)*    ☐ No *(Specify location)*:

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? ☐ Yes  ☐ No | |

**21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*
☐ Yes
☐ No

Form I-589   Edition   03/01/23                                                                 Page 2

## Part A.II. Information About Your Spouse and Children (Continued)

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Gender ☐ Male ☐ Female |

13. Is this child in the U.S. ? ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location)*: _____

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? ☐ Yes ☐ No | |

21. If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*

☐ Yes

☐ No

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Gender ☐ Male ☐ Female |

13. Is this child in the U.S. ? ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location)*: _____

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? ☐ Yes ☐ No | |

21. If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*

☐ Yes

☐ No

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Gender ☐ Male ☐ Female |

13. Is this child in the U.S. ? ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location)*: _____

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? ☐ Yes ☐ No | |

21. If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*

☐ Yes

☐ No

## Part A.III. Information About Your Background

1. List your last address where you lived before coming to the United States. If this is not the country where you fear persecution, also list the last address in the country where you fear persecution. *(List Address, City/Town, Department, Province, or State and Country.)*
   (**NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.*)

| Number and Street *(Provide if available)* | City/Town | Department, Province, or State | Country | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|---|
| BAYLO BAYA | DUBREKA | DUBREKA | GUINEA | 06/2010 | 12/2023 |
| | | | | | |

2. Provide the following information about your residences during the past 5 years. List your present address first.
   (**NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.*)

| Number and Street | City/Town | Department, Province, or State | Country | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|---|
| 455 JEFFERSON ST | BROOKLYN | NY | USA | 01/2024 | *Present* |
| 350 SNEDIKER AVE | BROOKLYN | NY | USA | 01/2024 | 01/2024 |
| BORDER PATROL | NOGALES | AZ | USA | 12/2023 | 01/2024 |
| IN-TRANSIT | | | MX | 12/2023 | 12/2023 |
| IN-TRANSIT | | | GUATEMALA | 12/2023 | 12/2023 |

3. Provide the following information about your education, beginning with the most recent school that you attended.
   (**NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.*)

| Name of School | Type of School | Location *(Address)* | Attended From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|
| Mercure International | Business School | Kipe (Conakry) | 11/2009 | 06/2012 |
| Lycee Bily Ecole | High School | Conakry | 10/2007 | 06/2009 |
| Diafouna Barry | Middle School | Conakry | 10/2003 | 06/2007 |
| Diafouna Barry | Elementary | Conakry | 10/1998 | 06/2003 |

4. Provide the following information about your employment during the past 5 years. List your present employment first.
   (**NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.*)

| Name and Address of Employer | Your Occupation | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|
| UNEMPLOYED | UNEMPLOYED | 12/2023 | *Present* |
| AUTOLOGIC IN NONGO | SALES AGENT | 08/2022 | 12/2023 |
| UGAR INSURANCE | SALES AGENT | 01/2022 | 08/2022 |

5. Provide the following information about your parents and siblings (brothers and sisters). Check the box if the person is deceased.
   (**NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.*)

| Full Name | City/Town and Country of Birth | Current Location |
|---|---|---|
| *Mother* NEN SALE DRAME | MAMOU, GUINEA | ☐ Deceased CONAKRY, GUINEA |
| *Father* MAMADOU ALIOU DIALLO | LABE, GUINEA | ☒ Deceased |
| *Sibling* AMADOU DIALLO | FREETOWN, SIERRA LEONE | ☐ Deceased CONAKRY, GUINEA |
| *Sibling* AJENBOU DIALLO | FREETOWN, SIERRA LEONE | ☐ Deceased PARIS, FRANCE |
| *Sibling* ABDOULAYE DIALLO | FREETOWN, SIERRA LEONE | ☐ Deceased BROOKLYN, NEW YORK |
| *Sibling* MOHAMED DIALLO | FREETOWN, SIERRA LEONE | ☒ Deceased |

Form I-589   Edition   03/01/23

Page 4

## Part B. Information About Your Application

*(NOTE: Use Form I-589 Supplement B, or attach additional sheets of paper as needed to complete your responses to the questions contained in Part B.)*

When answering the following questions about your asylum or other protection claim (withholding of removal under 241(b)(3) of the INA or withholding of removal under the Convention Against Torture), you must provide a detailed and specific account of the basis of your claim to asylum or other protection. To the best of your ability, provide specific dates, places, and descriptions about each event or action described. You must attach documents evidencing the general conditions in the country from which you are seeking asylum or other protection and the specific facts on which you are relying to support your claim. If this documentation is unavailable or you are not providing this documentation with your application, explain why in your responses to the following questions.

*Refer to Instructions, Part 1: Filing Instructions, Section II, "Basis of Eligibility," Parts A - D, Section V, Completing the Form," Part B, and Section VII, "Additional Evidence That You Should Submit," for more information on completing this section of the form.*

1.  Why are you applying for asylum or withholding of removal under section 241(b)(3) of the INA, or for withholding of removal under the Convention Against Torture? Check the appropriate box(es) below and then provide detailed answers to questions A and B below.

    I am seeking asylum or withholding of removal based on:

    ☐ Race                  ☒ Political opinion

    ☐ Religion              ☒ Membership in a particular social group

    ☐ Nationality           ☒ Torture Convention

**A.** Have you, your family, or close friends or colleagues ever experienced harm or mistreatment or threats in the past by anyone?

☐ No        ☒ Yes

If "Yes," explain in detail:
1. What happened;
2. When the harm or mistreatment or threats occurred;
3. Who caused the harm or mistreatment or threats; and
4. Why you believe the harm or mistreatment or threats occurred.

> I was harmed, mistreated and abused by the government in Guinea because of my political opposition to the government. I strongly support the UFDG (Union Des Forces Democralique de Guinea) and actively participate in their protests. I have been arrested on 3 different ocassions for actively protesting against the president and his government. My first arrest was in 2010, then followed again in 2015 and lastly in 2021. My last arrest in 2021 is where I have been tortured by the Guinea national police. They beat me and even hit me with an AK-47 to the eye which could have potentially blinded me. I am afraid that if I remained in the country and potentially have been arrested a 4th time, I would suffer from far worse harm or even killed.
>
> This is a short summary of my claim; I may supplement it at a later date.

**B.** Do you fear harm or mistreatment if you return to your home country?

☐ No        ☒ Yes

If "Yes," explain in detail:
1. What harm or mistreatment you fear;
2. Who you believe would harm or mistreat you; and
3. Why you believe you would or could be harmed or mistreated.

> I fear that if I return back to my country, due to my record of previous arrests and being who I am that I will be arrested for no reason and harmed again, or even worse, killed. The police know me as a UFDG (Union Des Forces Democralique de Guinea) member who has been arrested multiple times due to protesting and they can possibly target me for arrest, due to my UFDG membership . It is known that president Conde's government is known for it's deaths in custody, arbitrary arrests and the restrictions it has placed on the opposition political party UFDG. I have witnessed how the national police targets protesters such as myself and have had fiends of mine killed because of their participation in the opposition. The UFDG remains in opposition to the new leadership of Mamady Doumbouya. This is a short summary of my claim; I may supplement it at a later date.

## Part B. Information About Your Application (Continued)

2. Have you or your family members ever been accused, charged, arrested, detained, interrogated, convicted and sentenced, or imprisoned in any country other than the United States (including for an immigration law violation)?

☐ No          ☒ Yes

If "Yes," explain the circumstances and reasons for the action.

> Yes, I have been arrested about 3 three times in my country for protesting against the government. I was arrested first in 2010, again in 2015 and for a third time in 2021.
> I was released without any charges.

3.A. Have you or your family members ever belonged to or been associated with any organizations or groups in your home country, such as, but not limited to, a political party, student group, labor union, religious organization, military or paramilitary group, civil patrol, guerrilla organization, ethnic group, human rights group, or the press or media?

☐ No          ☒ Yes

If "Yes," describe for each person the level of participation, any leadership or other positions held, and the length of time you or your family members were involved in each organization or activity.

> Yes, I belong to a political group called UFDG (Union Des Forces Democralique de Guinea)

3.B. Do you or your family members continue to participate in any way in these organizations or groups?

☐ No          ☒ Yes

If "Yes," describe for each person your or your family members' current level of participation, any leadership or other positions currently held, and the length of time you or your family members have been involved in each organization or group.

> Yes, I have a couple of family members that are also involved in UFDG (Union Des Forces Democralique de Guinea).

4. Are you afraid of being subjected to torture in your home country or any other country to which you may be returned?

☐ No          ☒ Yes

If "Yes," explain why you are afraid and describe the nature of torture you fear, by whom, and why it would be inflicted.

> I fear that if I return back to my country, due to my record of previous arrests that I will be arrested for no reason and harmed again, or even worse, killed because I am a known UFDG member who has been arrested multiple times and the police know who I am by face.
> This is a short summary of my claim that I prepared at a pro-se clinic; I may supplement it at a later date.

## Part C. Additional Information About Your Application

(**NOTE:** *Use Form I-589 Supplement B, or attach additional sheets of paper as needed to complete your responses to the questions contained in Part C.*)

1. Have you, your spouse, your child(ren), your parents or your siblings ever applied to the U.S. Government for refugee status, asylum, or withholding of removal?

   ☒ No          ☐ Yes

   If "Yes," explain the decision and what happened to any status you, your spouse, your child(ren), your parents, or your siblings received as a result of that decision. Indicate whether or not you were included in a parent or spouse's application. If so, include your parent or spouse's A-number in your response. If you have been denied asylum by an immigration judge or the Board of Immigration Appeals, describe any change(s) in conditions in your country or your own personal circumstances since the date of the denial that may affect your eligibility for asylum.

2.A. After leaving the country from which you are claiming asylum, did you or your spouse or child(ren) who are now in the United States travel through or reside in any other country before entering the United States?

   ☐ No          ☒ Yes

2.B. Have you, your spouse, your child(ren), or other family members, such as your parents or siblings, ever applied for or received any lawful status in any country other than the one from which you are now claiming asylum?

   ☒ No          ☐ Yes

   If "Yes" to either or both questions (2A and/or 2B), provide for each person the following: the name of each country and the length of stay, the person's status while there, the reasons for leaving, whether or not the person is entitled to return for lawful residence purposes, and whether the person applied for refugee status or for asylum while there, and if not, why he or she did not do so.

   When leaving Guinea, I took a flight to Senegal. From Senegal I took another flight to Instanbul. From Istanbul I took a flight to Colombia and from Colombia I flew to El Salvador. Finally, from El Salvador, I flew to Nicaragua. When I got to Nicaragua, I took a cab to Honduras and from Honduras, I took a bus to Guatemala. In Guatemala, I took a bus to Tapachula, Mexico and then a boat to Juchitan. From Juchitan, I took a bus to Mexico City and finally from Mexico City another bus to Nogales. After Nogales, so local refugee help drove me to the border in Arizona and there I was detained by border patrol. I did not get any lawful status or applied for asylum in any of these countries because I didnot feel safe there.

3. Have you, your spouse or your child(ren) ever ordered, incited, assisted or otherwise participated in causing harm or suffering to any person because of his or her race, religion, nationality, membership in a particular social group or belief in a particular political opinion?

   ☒ No          ☐ Yes

   If "Yes," describe in detail each such incident and your own, your spouse's, or your child(ren)'s involvement.

## Part C. Additional Information About Your Application (Continued)

4.  After you left the country where you were harmed or fear harm, did you return to that country?

    ☒ No          ☐ Yes

    If "Yes," describe in detail the circumstances of your visit(s) (for example, the date(s) of the trip(s), the purpose(s) of the trip(s), and the length of time you remained in that country for the visit(s).)

5.  Are you filing this application more than 1 year after your last arrival in the United States?

    ☒ No          ☐ Yes

    If "Yes," explain why you did not file within the first year after you arrived. You must be prepared to explain at your interview or hearing why you did not file your asylum application within the first year after you arrived. For guidance in answering this question, see Instructions, Part 1: Filing Instructions. Section V. "Completing the Form," Part C.

6.  Have you or any member of your family included in the application ever committed any crime and/or been arrested, charged, convicted, or sentenced for any crimes in the United States (including for an immigration law violation)?

    ☐ No          ☒ Yes

    If "Yes," for each instance, specify in your response: what occurred and the circumstances, dates, length of sentence received. location, the duration of the detention or imprisonment, reason(s) for the detention or conviction, any formal charges that were lodged against you or your relatives included in your application, and the reason(s) for release. Attach documents referring to these incidents, if they are available, or an explanation of why documents are not available.

    In December 2023, I was detained by ICE at the border in Arizona. I was released 4 days after.

## Part D. Your Signature

I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it are all true and correct. Title 18, United States Code, Section 1546(a), provides in part: Whoever knowingly makes under oath, or as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document containing any such false statement or which fails to contain any reasonable basis in law or fact - shall be fined in accordance with this title or imprisoned for up to 25 years. I certify that I am physically present in the United States or seeking admission at a Port of Entry when I execute this application. I authorize the release of any information from my immigration record that U.S. Citizenship and Immigration Services (USCIS) needs to determine eligibility for the benefit I am seeking.

*WARNING:* **Applicants who are in the United States unlawfully are subject to removal if their asylum or withholding claims are not granted by an asylum officer or an immigration judge. Any information provided in completing this application may be used as a basis for the institution of, or as evidence in, removal proceedings even if the application is later withdrawn. Applicants determined to have knowingly made a frivolous application for asylum will be permanently ineligible for any benefits under the Immigration and Nationality Act. You may not avoid a frivolous finding simply because someone advised you to provide false information in your asylum application. If filing with USCIS, unexcused failure to appear for an appointment to provide biometrics (such as fingerprints) and your biographical information within the time allowed may result in an asylum officer dismissing your asylum application or referring it to an immigration judge. Failure without good cause to provide DHS with biometrics or other biographical information while in removal proceedings may result in your application being found abandoned by the immigration judge. See sections 208(d)(5)(A) and 208(d)(6) of the INA and 8 CFR sections 208.10, 1208.10, 208.20, 1003.47(d) and 1208.20.**

| Print your complete name. | Write your name in your native alphabet. |
|---|---|
| **SULLYMANE DIALLO** | |

Did your spouse, parent, or child(ren) assist you in completing this application? ☒ No ☐ Yes *(If "Yes," list the name and relationship.)*

| _____ | _____ | _____ | _____ |
|---|---|---|---|
| *(Name)* | *(Relationship)* | *(Name)* | *(Relationship)* |

Did someone other than your spouse, parent, or child(ren) prepare this application? ☐ No ☒ Yes *(If "Yes," complete Part E.)*

Asylum applicants may be represented by counsel. Have you been provided with a list of persons who may be available to assist you, at little or no cost, with your asylum claim? ☐ No ☒ Yes

Signature of Applicant *(The person in Part. A.I.)*

➡ [ _____ ]      02/13/2024

Sign your name so it all appears within the brackets      Date (mm/dd/yyyy)

## Part E. Declaration of Person Preparing Form, if Other Than Applicant, Spouse, Parent, or Child

I declare that I have prepared this application at the request of the person named in Part D, that the responses provided are based on all information of which I have knowledge, or which was provided to me by the applicant, and that the completed application was read to the applicant in his or her native language or a language he or she understands for verification before he or she signed the application in my presence. I am aware that the knowing placement of false information on the Form I-589 may also subject me to civil penalties under 8 U.S.C. 1324c and/or criminal penalties under 18 U.S.C. 1546(a).

| Signature of Preparer | Print Complete Name of Preparer |
|---|---|
| | **AUSTIN DAYUPAY** |

| Daytime Telephone Number | Address of Preparer: Street Number and Name |
|---|---|
| ( 212 ) 6399675 | 520 W 49TH ST (ASYLUM APPLICATION HELP CENTER) |

| Apt. Number | City | State | Zip Code |
|---|---|---|---|
| | **NEW YORK** | **NY** | **10019** |

| To be completed by an attorney or accredited representative (if any). | ☐ Select this box if Form G-28 is attached. | Attorney State Bar Number (if applicable) | Attorney or Accredited Representative USCIS Online Account Number (if any) |
|---|---|---|---|
| | | | |

## Part F. To Be Completed at Asylum Interview, if Applicable

**NOTE:** *You will be asked to complete this part when you appear for examination before an asylum officer of the Department of Homeland Security, U.S. Citizenship and Immigration Services (USCIS).*

I swear (affirm) that I know the contents of this application that I am signing, including the attached documents and supplements, that they are ☐ all true or ☐ not all true to the best of my knowledge and that correction(s) numbered ____ to ____ were made by me or at my request. Furthermore, I am aware that if I am determined to have knowingly made a frivolous application for asylum I will be permanently ineligible for any benefits under the Immigration and Nationality Act, and that I may not avoid a frivolous finding simply because someone advised me to provide false information in my asylum application.

Signed and sworn to before me by the above named applicant on:

| | |
|---|---|
| Signature of Applicant | Date *(mm/dd/yyyy)* |
| Write Your Name in Your Native Alphabet | Signature of Asylum Officer |

## Part G. To Be Completed at Removal Hearing, if Applicable

**NOTE:** *You will be asked to complete this Part when you appear before an immigration judge of the U.S. Department of Justice, Executive Office for Immigration Review (EOIR), for a hearing.*

I swear (affirm) that I know the contents of this application that I am signing, including the attached documents and supplements, that they are ☐ all true or ☐ not all true to the best of my knowledge and that correction(s) numbered ____ to ____ were made by me or at my request. Furthermore, I am aware that if I am determined to have knowingly made a frivolous application for asylum I will be permanently ineligible for any benefits under the Immigration and Nationality Act, and that I may not avoid a frivolous finding simply because someone advised me to provide false information in my asylum application.

Signed and sworn to before me by the above named applicant on:

| | |
|---|---|
| Signature of Applicant | Date *(mm/dd/yyyy)* |
| Write Your Name in Your Native Alphabet | Signature of Immigration Judge |

**Supplement A, Form I-589**

| A-Number *(If available)* | Date |
|---|---|
| 245706778 | 02/13/2024 |

| Applicant's Name | Applicant's Signature |
|---|---|
| Sullymane Diallo | |

## List All of Your Children, Regardless of Age or Marital Status

*(*NOTE: *Use this form and attach additional pages and documentation as needed, if you have more than four children)*

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Gender ☐ Male ☐ Female |

**13.** Is this child in the U.S. ? ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location)*:

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? ☐ Yes ☐ No | |

**21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*
☐ Yes
☐ No

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Gender ☐ Male ☐ Female |

**13.** Is this child in the U.S. ? ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location)*:

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? ☐ Yes ☐ No | |

**21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*
☐ Yes
☐ No

**Supplement B, Form I-589**

## Additional Information About Your Claim to Asylum

| A-Number *(if available)* | Date |
|---|---|
| 245706778 | 02/13/2024 |

| Applicant's Name | Applicant's Signature |
|---|---|
| Sullymane Diallo | |

**NOTE:** *Use this as a continuation page for any additional information requested.  Copy and complete as needed.*

Part     A III

Question    2

```
(PART A. III, QUESTION 2) (CONTINUED)
IN-TRANSIT HONDURAS 12/2023 - 12/2023
IN-TRANSIT NICORAGUA 12/2023 - 12/2023
IN-TRANSIT EL SALVADOR 12/2023 - 12/2023
IN-TRANSIT COLOMBIA 12/2023 - 12/2023
IN-TRANSIT TURKEY 12/2023 - 12/2023
IN-TRANSIT SENEGAL 12/2023 - 12/2023
BAYLO BAYA DEBREKA, DUBREKA, GUINEA 06/2019 - 12/2023


(PART A.III, QUESTION 4) (CONTINUED)
LANALA INSURANCE IN KALOUM - COMMERCIAL AGENT - 01/2018 TO 12/2021
```

## CERTIFICATE OF SERVICE

The undersigned hereby declares as follows:

I, _Austin Dayupay_, hereby certify that, on _February 13_, 2024, I caused a copy of the foregoing to be served upon the U.S. Department of Homeland Security, Office of the Principal Legal Advisor, via United States Postal Service at the following address:

_2035 N. Central Ave, Phoenix, AZ 85004_

_____
Signature

< Back to Cases

**A-Number: 245-706-778, DIALLO, SOULEYMANE**

Select a case to view details and file documents

| Removal | Charging Doc. Date: 01/01/2024 | Case Pending |

*End of list. Please file a Form EOIR-27 or EOIR-28 using "Appearances" link in the header to view additional cases.*

## Court Information

| Case Type: | Removal |
|---|---|
| Charging Doc. Date: | 01/01/2024 |
| Alien Name: | DIALLO, SOULEYMANE |

| Hearing Location: | 26 FEDERAL PLZ, 12TH FL RM1237 NEW YORK, NY 10278 | Immigration Court: | 26 FEDERAL PLZ 12TH FL RM 1237 NEW YORK, NY 10278 |
|---|---|---|---|
| Next Case Hearing: | 07/11/2028   08:30 AM - 09:00 AM MASTER HEARING Tsankov, Mimi | IJ Decision Date: | -- NA -- |
| | | IJ Decision: | This case is pending. |
| Hearing Medium: | In-Person | | |

## Court Actions

## eROP Documents

**Document Filters**

◉ View All   ○ Filter at the Court   ○ Filter at the BIA

| Actions | Document Type | Filed Date ▼ | Filed At | Filed By | Document Status |
|---|---|---|---|---|---|
| | EOIR-28, Notice of Entry of Appearance as an Attorney or Representative before the Immigration Court | 12/23/2025 | Court | Respondent Rep | Accepted |
| | Returned Mail | 08/05/2024 | Court | OCIJ | Accepted |
| | CASE Notice | 04/15/2024 | Court | OCIJ | Accepted |
| | Order- Motion for Change of Venue Grant or Denial (MCVGD) | 02/23/2024 | Court | OCIJ | Accepted |
| | CASE Notice | 02/22/2024 | Court | OCIJ | Accepted |
| | Motion for Change of Venue | 02/21/2024 | Court | Respondent | Accepted |
| | EOIR-61, Notice of Entry of Limited Appearance for Immigration Court | 02/21/2024 | Court | Respondent Rep | Accepted |
| | I-589, Application for Asylum and for Withholding of Removal | 02/21/2024 | Court | Respondent | Accepted |
| | I-862 Notice to Appear | 01/24/2024 | Court | DHS | Accepted |

1/2