

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

December 29, 2025

By ECF
The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *Diallo v. Genalo*, No. 25-cv-10685 (GHW)

Dear Judge Woods:

    This Office represents the government in the above-referenced habeas corpus action, which was filed at 6:53 p.m. on December 23, 2025. *See* ECF No. 1 (Notice of Electronic Filing). I write respectfully to advise the Court that venue is improper in the Southern District of New York, and to request that the case be transferred to the District of New Jersey, for the reasons set forth below.

    U.S. Immigration and Customs Enforcement ("ICE") arrested the petitioner on December 21, 2025, and the same day, detained him at the Nassau County Correctional Center in East Meadow, New York. On the afternoon of December 23, 2025, the petitioner was booked out of the Nassau County facility and transferred to the Delaney Hall Detention Facility in Newark, New Jersey, where he was booked in at approximately 5:45 p.m. that same day. As noted above, the petitioner filed this action at 6:53 p.m. on December 23. Thus, the petitioner was not present in the Southern District of New York at the time the habeas petition was filed.

    Given the foregoing, this Court lacks habeas jurisdiction over this matter, as venue is improper in the Southern District of New York. *See Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *accord Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) ("For core habeas petitions, jurisdiction lies in only one district: the district of confinement." (cleaned up)); *Khalil v. Joyce*, 771 F. Supp. 3d 268, 280–86 (S.D.N.Y. 2025) (holding that court lacked habeas jurisdiction where petitioner was transferred from 26 Federal Plaza to a facility in the District of New Jersey prior to filing of the petition). Venue is proper only in the District of New Jersey.

    Accordingly, to avoid delay in having this matter heard by the proper court, I respectfully request that the Court promptly transfer this case to the U.S. District Court for the District of New Jersey, and waive the seven-day waiting period in Local Civil Rule 83.1.[1]

---

[1] On Friday, December 26, 2025, I notified petitioner's counsel that venue is improper in this Court and sought counsel's position on stipulating to a prompt transfer, but as of this filing, I have not received a response.

I thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:    _/s/  Brandon M. Waterman_
BRANDON M. WATERMAN
Assistant United States Attorney
Telephone: (212) 637-2743
E-mail: brandon.waterman@usdoj.gov

cc: Counsel of Record (by ECF)

2